UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 21 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Brian Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-1433 (UNA) |
| ) | |
| United States Sentencing Commission, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a prisoner at the McKean Federal Correctional Institution in Bradford, Pennsylvania. He sues the United States Sentencing Commission under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Plaintiff challenges, on equal protection grounds, the constitutionality of the Sentencing Commission's "policy statement barring relief of recent guideline changes in crack cocaine sentencing to a specific group of . . . offenders . . . [and] the ineligibility of a specific group of crack cocaine offenders to benefit from the Fair Sentencing Act . . . ." Am. Compl. at 1, 4-5.

The Sentencing Commission is "an independent commission in the judicial branch of the United States." 28 U.S.C. § 991(a). *Bivens* "recognized for the first time an implied private

action for damages against federal officers [in their personal capacity] alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted); *accord Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages," the payment of which a losing defendant is personally responsible). Plaintiff has not sued any individuals, and he does not seek monetary damages. Therefore, his purported *Bivens* claim "constitute[s] the sort of patently insubstantial claim[]" that is subject to dismissal for want of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (*quoting Tooley*, 586 F.3d at 1009).

In addition, the Court lacks jurisdiction to entertain an action for a declaratory judgment when, as here, an adequate remedy is available by petitioning the sentencing court for a writ of habeas corpus. *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1031 (D.C. Cir. 2005) (citing *LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C. Cir. 1996)); *see Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was sentenced is properly pursued by motion under 28 U.S.C. § 2255). Because plaintiff was sentenced by the United States District Court for the Northern District of Texas, Am. Compl. at 5, this Court would lack jurisdiction over his habeas petition. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: September 19, 2011